### HINEMAN v. BRODRICK, Collector of Internal Revenue.

#### No. W–86.

United States District Court
D. Kansas.
June 20, 1951.

Stanley C. Miner, Wichita, Kan., and Mowery & Shields, Dighton, Kan., for plaintiff.

Lester Luther, U. S. Atty., Eugene W. Davis, Asst. U. S. Atty., Topeka, Kan., and A. Barr Comstock, Sp. Asst. to Atty. Gen., Washington, D. C., for defendant.

HILL, District Judge.

The above entitled case was tried before the Court without a jury, on January 22, 1951, and the parties were represented by counsel.

After hearing the evidence and the arguments of counsel and after due consideration thereof the Court makes the following findings of fact, conclusions of law and order for judgment.

## Findings of Fact

1. The plaintiff, a resident of Dighton, Kansas, is and, at all material times, was the duly qualified and acting executrix of the estate of J. A. Hineman, who died September 13, 1947.

2. The Commissioner of Internal Revenue determined and assessed against the plaintiff for the year 1947 a deficiency tax in the amount of $11,075.33, including interest, which amount was duly paid by the plaintiff. The plaintiff's attorney was permitted to amend the complaint at the trial by increasing her claim from $10,-451.25 to the correct amount of $11,072.45, the sum of $2.88 having been refunded prior to the commencement of the action, and the plaintiff seeks in this action to recover $11,072.45, with interest according to law. The deficiency in tax was attributable to the inclusion in plaintiff's 1947 income of the amount of $19,919.44 as proceeds from the sale by plaintiff in that year of 8,097 bushels, 20 pounds of wheat.

3. Hineman, the plaintiff's testate, regularly reported income for tax purposes on the cash basis.

4. In April 1947, Hineman, who was a wheat farmer, sold and delivered to the Farmers Cooperative Elevator and Mercantile Association, at Dighton, Kansas, herein referred to as the Elevator Association, 8,097 bushels, 20 pounds, of wheat for the agreed price of $19,919.44, and title to the wheat passed to the buyer at the time of the sale.

5. Hineman had sold wheat to the Elevator Association many times before the transaction in question and had always been paid at the time of sale.

6. It was customary in the grain elevator business, and it had long been the practice of the Elevator Association to pay the purchase price of wheat at the time of its purchase.

7. The Elevator Association had available funds to pay Hineman in full for this wheat at the time it was purchased and Hineman could have received at that time the money due him, but at his request, because of his desire to effect a possible saving of federal taxes, the money was not paid to him until February 1, 1949.

8. Hineman was entitled to receive the selling price of his wheat at the time of the sale and the Elevator Association was ready, able and willing to pay him in full at that time. Hineman's failure to receive the money was due entirely to his own volition.

## Conclusions of Law

1. The plaintiff was in constructive receipt of the selling price of his wheat in the sum of $19,919.44 and realized income from that source in that amount within the taxable year 1947.

2. The tax and interest paid by the plaintiff for the year 1947 and which she seeks to recover in this action were not erroneously or illegally assessed or collected, and the defendant is entitled to judgment.

3. Judgment for the defendant is hereby ordered accordingly.